IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG

UNITED STATES OF AMERICA,

      **Plaintiff,**

v.                                               Criminal Action No. 3:06CR62

**JOHN D. ONLEY,**

      **Defendant.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS OR SUPPRESS EVIDENCE

On March 1, 2007, the above styled matter came before the Court for a hearing on Defendant's Motion to Extend Time to File Pre-Trial Motions and on Defendant's Motion to Dismiss or Suppress Evidence in the above referenced case. The United States was present through counsel, Thomas Mucklow, Assistant United States Attorney. The Defendant, John D. Onley, was present in person and through counsel, Kevin Mills and Betsy Giggenbach. The Government presented evidence through four witnesses. Thereafter the undersigned heard oral argument on Defendant's Motion to Dismiss or Suppress Evidence. This order reflects the actions taken with regard to Defendant's Motion to Dismiss or Suppress Evidence.

### I. Background

Defendant John D. Onley is the sole defendant in a four (4) count indictment. Defendant John D. Onley is charged with distribution of cocaine base and possession with intent to distribute cocaine base against the United States, that is to violate Title 21, United States Code,

Section 841(a)(1), (b)(1)(B), (b)(1)(C) and other drug related offenses.

## II. MOTIONS

### A. MOTION FOR EXTENSION OF TIME TO FILE PRE-TRIAL MOTIONS[14]

As a preliminary matter, the Defendant filed a Motion for Extension of Time in this matter. The Court finds that an extension of time is appropriate; therefore, Defendant's Motion For Extension of time to file pre-trial motions[14] is **GRANTED**. The Government's objection is duly noted.

### B.  DEFENDANT'S MOTION TO DISMISS OR SUPPRESS EVIDENCE [18]

**Contentions of the Parties**

Defendant contends that the arrest and search of the Defendant's premises on March 16, 2006, were illegal and in violation of his constitutional rights; therefore, the charges should be dismissed or, in lieu thereof, all the evidence seized on that date should be suppressed. More specifically, the Defendant alleges by counsel and by pleadings that there was no probable cause for the initial detention at the Sheetz store in Inwood, West Virginia. The Defendant states by counsel and by pleadings that during that initial detention he was coerced into signing a written consent giving the Drug Task Force Team permission to search his premises. Defendant asserts by counsel and by pleadings that he told the officers several times that he would not give them consent to search. Defendant further contends by counsel and by pleadings that since there was no probable cause to support his detention/arrest at the Sheetz store, that the subsequent consent and searches and seizures should themselves be deemed illegal and the evidence obtained as a result thereof be suppressed. The defendant cites *Maryland v. Pringle*, 124 S.Ct. At 799-800 in

support of his argument.

The Government contends that the detention or arrest was lawful and that the consent obtained was not coerced. The Government presented four of the officers present that day to testify to that effect. The Government asserts that the stop was based upon the officer's reasonable suspicion, or probable cause, that the defendant was in criminal possession of a controlled substance, which stop is proper in accordance with *United States v. Harris*, 39 F.3d 1262, 1268-69 (4th Cir. 1994). The Government further asserts that the cases cited by Defendant support the Government's position that probable cause existed.

The Government further contends that the search of the vehicle was lawful as there was probable cause to believe that evidence of the crime was contained therein. *See Maryland v. Dyson*, 527 U.S. 465, 466 (1999); *United States v. Collins*, 412 F.3d 515, 518 (4th Cir. 2005).

Finally with regard to the consent, the officers testified that the Defendant never advised the officers that he did not wish to consent to the search and did so in writing.

### III. FINDINGS

The Court finds that the Government sustained the burden of proof that the written consent signed by the Defendant was voluntarily executed. The officers testified that on the date in question, Defendant had agreed to sell a CI a certain amount of crack cocaine at the Sheetz store in Inwood, West Virginia. Defendant was driving the same car that he had driven on earlier drug deals. Officers saw him arrive at the store as agreed. Clearly, the officers had sufficient probable cause to believe that the defendant was committing a felony in their presence and stopped the defendant for that felonious possession of crack cocaine. The suspected crack

was in plain view on the floor of the Defendant's vehicle.  Therefore, the detention of the Defendant and the search of the vehicle were clearly lawful.  The officers further testified that the Defendant never indicated that he was unwilling to sign the consent to search.  The Court further notes that in addition to the written consent signed by the Defendant, a search warrant was issued by a West Virginia State Court Magistrate prior to the premises being searched on the aforementioned date.

## IV.  **RECOMMENDATION**

It is hereby **RECOMMENDED** that Defendant John D. Onley's Motion to Dismiss or Suppress Evidence [18] be **DENIED.**  The Defendant's objection to this ruling is duly noted.

With regard to the Defendant's oral request for leave to file a written motion regarding the validity of the search warrant that was issued, the Court grants the Defendant's oral request to file the Motion. The Government's objection is duly noted.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge.  Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. §636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208(1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk is directed to transmit a true copy of this order to all counsel of record in this matter and to District Judge Irene M. Keeley.

**DATED** this 5th day of March 2007.

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE